IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENNADO K. TAYLOR,<br>    Plaintiff,<br><br>v.<br><br>MONICA DURAN,<br>    Defendants. | Case No. 1:25-cv-01096-JEH |

### Order

Plaintiff Kennado Taylor, proceeding *pro se* and currently detained at the McLean County Detention Facility, pursues an action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (Doc. 1). Along with his Complaint, Plaintiff filed a Petition to Proceed *in forma pauperis* ("IFP Petition") (Doc. 2) and a Motion to Request Counsel (Doc. 3).

### I

Prior to conducting a merit review of his Complaint under 28 U.S.C. § 1915A, the Court must determine if Plaintiff has made the requisite showing that he is under imminent danger of serious physical injury because he has accumulated at least three strikes under § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

§ 1915(g). The Court must make its own determination regarding whether previous dismissals count as "strikes." *Hill v. Madison Cnty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020).

Plaintiff has, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it is frivolous or fails to state a claim upon which relief may be granted. *See, e.g., Taylor v. Doe, et al.*, No. 17-cv-2347 (N.D. Ill. dismissed June 2, 2017); *Taylor v. Doe, et al.*, No. 17-cv-2348 (N.D. Ill. dismissed June 2, 2017); *Taylor v. Doe, et al.*, No. 17-cv-2349 (N.D. Ill. dismissed June 5, 2017); *Taylor v. Doe, et al.*, No. 17-cv- 5537 (N.D. Ill. dismissed September 22, 2017); *Taylor v. Doe, et al.*, No. 17- cv-6001 (N.D. Ill. dismissed September 22, 2017). The Court finds that each of these dismissals counts as a strike pursuant to § 1915(g).

Plaintiff is also subject to a Seventh Circuit order that instructs district courts to return unfiled any papers sent by Plaintiff or on his behalf, except in criminal cases, cases challenging the fact or duration of his confinement, and those alleging an imminent danger of serious physical harm. *Taylor v. Miller*, No. 20-2221 (7th Cir., filed Oct. 9, 2020). (Doc. 5). If the last exception applies, the district court must resolve the question of whether Plaintiff faces an imminent danger. *Id.*

The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat ...is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Furthermore, the harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice. *Heimermann*, 337 F.3d at 782. The second prong, danger, must be of "serious physical injury." § 1915(g); *Fletcher v. Deathridge*, 2008 WL 4724173, at *2 (C.D. Ill. Oct. 23, 2008).

In his Complaint, Plaintiff alleges he was prescribed Apixaban for a blood clot in his left leg while he was at Elgin Mental Health Center ("Elgin"). Plaintiff

2

alleges he has not received Apixaban at the McLean County Detention Facility and is in severe pain. Plaintiff alleges Defendants Dr. Monica Duran and nurses Kelly and Davis are aware of his blood clot and pain, but they allegedly refused to provide his prescribed medication.

Construing Plaintiff's allegations liberally due to his *pro se* status, the Court finds that Plaintiff has sufficiently alleged he is under imminent danger of serious physical injury given his allegations regarding his untreated medical issues and severe pain. Plaintiff's IFP Petition is GRANTED.

II

The Court must now screen Plaintiff's Complaint under § 1915A, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

Plaintiff alleges he informed Defendant Kelly that his left leg and head hurt during medication pass on February 25, 2025. Defendant Kelly advised Plaintiff to submit a sick call request. Defendant Kelly was allegedly aware that Plaintiff had a blood clot in his left leg when he was sent to Elgin and was prescribed Apixaban.

The next day, Plaintiff alleges he told Defendant Kelly he was having chest pains and his leg hurt. He informed Defendant Kelly that a doctor told him he needed to stay on medication indefinitely and it would be fatal if the medication was discontinued.

When Plaintiff saw Defendant Davis on or about February 27, 2025, he allegedly informed her that he in severe pain and needed his prescribed medication for the blood clot in his left leg. Defendant Davis told Plaintiff she would inform Defendant Dr. Duran about his issue.

Plaintiff alleges Defendant Dr. Duran is aware of the blood clot in his left leg because she signed paperwork related to his stay at Elgin, where a doctor prescribed Apixaban. Plaintiff claims he informed Dr. Duran that he was in pain, but she told him there was nothing she could do and did not give him his prescribed medication. Plaintiff also alleges Dr. Duran is denying him medical care because of an "evil motive." (Doc. 1 at p. 6).

As a detainee, Plaintiff's claim for constitutionally inadequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) (detainees entitled to adequate medical care). To establish a Fourteenth Amendment violation, a detainee must show: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Construing Plaintiff's allegations liberally, the blood clot in his left leg could constitute a serious medical need. *See Arce v. Wexford Health Sources Inc.*, 75 F.4th 673, 679 (7th Cir. 2023) (finding leg injury and subsequent blood clot was a serious medical need). Plaintiff claims that Defendant Dr. Duran was aware of the blood

4

clot and refused to provide the prescribed medication or medical care. The Court finds that his allegations are sufficient to proceed on a Fourteenth Amendment deliberate indifference claim against Defendant Dr. Duran.

Plaintiff's allegations against nurses Kelly and Davis, however, are too tenuous to allege a constitutional violation. When Plaintiff encountered Defendant Kelly during medication pass and complained of pain, she advised him to submit a sick call request. When Plaintiff encountered Defendant Davis, she informed him that she would pass on his concerns to Defendant Dr. Duran. Plaintiff's sparse allegations against Defendants Kelly and Davis are insufficient to allege a deliberate indifference claim. *See Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1075 (7th Cir. 2012) (finding that the defendant nurses did not have authority to prescribe medication on their own). Defendants Kelly and Davis are dismissed without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

It is difficult to decipher Plaintiff's remaining allegations, but it appears that he named Defendant Dr. Duran and other nurses in prior lawsuits he filed. Plaintiff alleges he is being denied medical care because Defendant Dr. Duran has an "evil motive." (Doc. 1 at p. 6). To establish First Amendment retaliation, Plaintiff must successfully allege that (1) his speech was constitutionally protected, (2) he has suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Plaintiff's allegations are insufficient to proceed on a First Amendment retaliation claim against Defendant Dr. Duran. This claim is dismissed without prejudice.

### III

Plaintiff also filed a Motion to Request Counsel. (Doc. 3). Plaintiff has no constitutional or statutory right to counsel in this case. In considering the

5

Plaintiff's Motion to Request Counsel, the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) According to the Court's merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on a Fourteenth Amendment claim against Defendant Dr. Monica Duran based on her alleged deliberate indifference to the blood clot in his left leg and the accompanying pain. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Kelly and Davis are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendants Kelly and Davis.

3) Plaintiff's Petition to Proceed *in forma pauperis* [2] is GRANTED. The Clerk is directed to enter the text order directing jail officials to collect payment pursuant to 28 U.S.C. § 1915(b).

4) Plaintiff's Motion to Request Counsel [3] is DENIED with leave to renew.

5) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give

Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) Plaintiff shall be provided a copy of all pertinent medical records upon request.

13) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: March 14, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge